# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DRUMMONDO-FARIAS,<br><br>Petitioner,<br><br>v.<br><br>FELICIA PONCE, Warden,<br><br>Respondent. | Case No. 2:19-cv-06582-SVW (AFM)<br><br>ORDER TO SHOW CAUSE |

## BACKGROUND

In 2013, Petitioner was convicted in the United States District Court for the District of Hawaii of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine. Case No. 12-CR-00174-JMS.[1] Petitioner was sentenced to federal prison for a term of 324 months, followed by 10 years of supervised release. Petitioner's conviction was affirmed on appeal, *United States v. Drummondo-Farias*, 622 F. App'x 616 (9th Cir. 2015), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *Drummondo-Farias v. United States*, 136 S. Ct. 912 (2016).

---

[1] The Court takes judicial notice of petitioner's prior court proceedings. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was denied by the United States District Court for the District of Hawaii on June 1, 2018. *United States v. Drummondo-Farias*, 2018 WL 2471449, at *1 (D. Haw. June 1, 2018). The Ninth Circuit denied Petitioner's request for a certificate of appealability. *United States v. Drummondo-Farias* 2019 WL 2912211 (9th Cir. Apr. 25, 2019).

On July 30, 2019, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the sentence imposed as a result of Petitioner's 2013 conviction. For the following reasons, Petitioner is ordered to show cause why the petition should not be dismissed for lack of jurisdiction.

## DISCUSSION

Generally, a federal prisoner seeking to test the legality of his detention must do so by filing a motion pursuant to 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). In addition, challenges to the legality of a conviction or sentence must be brought in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

There is a narrow exception allowing a federal prisoner to seek relief under § 2241 if the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Harrison*, 519 F.3d at 956. This exception is referred to as the "savings clause" or the "escape hatch." *Hernandez*, 204 F.3d at 864 n.2; *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). The exception to § 2255 is "narrow" and does not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitation or the limitation on successive petitions, prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The Ninth Circuit has held that a

2

motion meets the savings clause criteria of § 2255 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898).

A claim of actual innocence for purposes of the savings clause requires petitioner to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Further, a claim of actual innocence requires that the petitioner show factual innocence — mere legal insufficiency of the evidence against him is not enough. *Muth*, 676 F.3d at 822 (citing *Bousley*, 523 U.S. at 623).

Here, Petitioner has not alleged any new facts or presented any evidence to establish that he is actually innocent. Instead, Petitioner's sole claim is that the sentencing court failed to follow the procedural requirements of 21 U.S.C. § 851(b). (ECF No. 1 at 3.) The statute Petitioner relies upon provides that to seek an enhanced penalty, the government must file, before trial or before the entry of a plea, a written information stating, "the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Further, prior to imposing a sentence, the district court must address the defendant personally and (1) "inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information," and (2) "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). If a defendant "denies any allegation of the information" or "claims that any conviction alleged is invalid," he must file a written response, which triggers a hearing "to determine any issues raised by the response." § 851(c)(1). At the hearing, the government has the burden of proof beyond a reasonable doubt on any disputed issue of fact. 21 U.S.C. § 851(c)(1). The Ninth Circuit has held that "failure to comply with section 851(b) renders the

sentence illegal." *United States v. Rodriguez*, 851 F.3d 931, 945–946 (9th Cir. 2017) (quoting *United States v. Housely*, 907 F.2d 920, 921 (9th Cir. 1990)). Violations of the statute may be harmless where, for example, the defendant has waived any objection or is otherwise barred from challenging a prior conviction. *See Rodriguez*, 851 F.3d at 946-947; *Housely*, 907 F.2d at 921.

Petitioner does not allege that he is factually innocent of any underlying prior conviction used to enhance his sentence. As best the Court can discern, Petitioner alleges that he was improperly sentenced based upon a procedural error. Critically, a claim that Petitioner's sentence was improperly enhanced is not an "actual innocence" claim for purposes of the § 2255(e) escape hatch. *See Marrero*, 682 F.3d at 1193, 1195 (holding that a purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch). Thus, Petitioner has not alleged, let alone demonstrated, that he is actually innocent as required to proceed under the § 2255(e) "escape hatch." In addition, Petitioner has not shown that he was deprived of "an unobstructed procedural shot at presenting that claim." To the contrary, it appears that the law upon which he relies has been long established, and consequently, Petitioner could have raised any claim of error on direct appeal or in his section 2255 motion.

Thus, Petitioner has not demonstrated that the savings clause applies to his claim, and he may not bring challenge his conviction in a § 2241 petition in this Court, but must raise it in a § 2255 motion.[2] Because a § 2255 motion must be filed before the sentencing court – that is, the United States District Court for the District of Hawaii – this Court lacks jurisdiction over Petitioner's claims.

---

[2] Petitioner previously filed a § 2255 motion, so a new motion may be barred as successive. However, § 2255 is not inadequate merely because a new motion might be dismissed as successive. *See Ivy*, 328 F.3d at 1059.

## ORDER

Petitioner is ordered to show cause **on or before August 30, 2019** why this action should not be dismissed without prejudice for lack of jurisdiction. Specifically, Petitioner must set forth clearly the basis for his claim that he is actually innocent and otherwise demonstrate that he is entitled to rely upon the savings clause.

Petitioner is cautioned that failure to timely file a response to this order may result in dismissal of this action without prejudice for lack of jurisdiction, for failure to comply with court orders, or for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

DATED: 8/1/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE